

THE ATTORNEY GENERAL

OF TEXAS

AUSTIN 11, TEXAS

WAGGONER CARR
ATTORNEY GENERAL

July 24, 1964

Honorable Robert S. Calvert        Opinion No. C- 286
Comptroller of Public Accounts
Capitol Station                    Re: Exemption of
Austin, Texas                          devise and be-
                                       quest to a
                                       charitable or-
                                       ganization un-
                                       der submitted
Dear Mr. Calvert:                      facts.

        The question you have submitted involves the fol-
lowing provisions of Article 14.06, 20-A, Tax.-Gen.,
Vernon's Civil Statutes, which read as follows:

        "If passing to or for the use of
    the United States, to or for the use of
    any other person or religious, education-
    al or charitable organization  or
    institution, or to any other person,
    corporation or association not included
    in any of the classes mentioned in the
    preceding portions of the original Act
    known as Chapter 29 of the General
    Laws of the Second Called Session of
    the Thirty-eighth Legislature, the
    tax shall be:

        ". . .

        "Provided, however, that this Art-
    icle shall not apply on property pass-
    ing to or for the use of the United
    States, or to or for the use of any
    religious, educational or charitable
    organization, incorporated, unincor-
    porated or in the form of a trust, when
    such bequest, devise or gift is to be
    used within this State.  The exemption
    from tax under the preceding provisions
    of this Article shall, without limit-
    ing its application under other appro-
    priate circumstances, apply to all or
    so much of any bequest, devise of
    gift to or for the use of the United

-1368-

States, or a religious, educational or charitable organization, which is, in writing and prior to the payment of the tax, irrevocably committed for use exclusively within the State of Texas or transferred to a religious, educational or charitable organization for use exclusively within this State.

"Provided, further, that if the property so passing is to or for the use of a religious, educational or charitable organization which conducts its operations on a regional basis, one such region of which includes the State of Texas, or any part thereof, then a bequest, devise or gift to be used within such region shall be deemed to be used within this State. For purposes of this paragraph a region shall comprise not more than five contiguous states, either in whole or in part, one of which is the State of Texas. For purposes of this paragraph, a religious, educational or charitable organization shall include, but not be limited to, a youth program of physical fitness, character development, and citizenship training or like program.

"Provided, further, that this Article shall not apply to property passing to or for the use of any religious, educational or charitable organization, incorporated, unincorporated or in the form of a trust, if (either at the time the property passes or at any time prior to the payment of the tax) the laws of the jurisdiction under which such organization is organized or is operating provide an exemption from death tax of any character with respect to property passing (1) to or for the use of such an organization or (2) to or for the use of such an organization organized or operating

within the State of Texas, or (3) to
or for the use of such an organiza-
tion organized or operating within
any other jurisdiction which grants
a reciprocal exemption. For the pur-
poses of this paragraph, jurisdiction
means any state or territory of the
United States or the District of
Columbia."

We quote the following excerpts from a letter
which was submitted to you in connection with gaining
an exemption under the above quoted provisions of
Article 14.06.

"Our case in point is the estate
of F. W. Dye, deceased, who died on
March 15, 1964, a resident of Dallas,
Texas. In the Third Codicil to his
Last Will and Testament, Mr. Dye be-
queathed the residue of his estate
to the F. W. and Bessie A. Dye Founda-
tion, a Texas non-profit corporation
chartered in 1961 which is a charitable
and educational organization exempt
from federal income tax under Section
501(c)(3) of the 1954 Internal
Revenue Code. A copy of this Codicil
which has been admitted to probate
by the Probate Court of Dallas
County is enclosed for your reference.

" . . .

"You will note that Section II of
the Codicil, relating to Section V
of the Will, provides for three-fourths
of the bequest to be used exclusively
in the State of Texas; however, there
is no provision that the remaining
one-fourth must be used outside of
Texas. Seemingly, under the second
paragraph of Article 14.06, the
trustees of the F. W. and Bessie
Arabella Dye Foundation would cause
this one-fourth to be exempt from

> the Texas inheritance tax by filing
> a written irrevocable commitment for
> the use of the one-fourth exclusive-
> ly within the State of Texas at
> any time prior to the payment of
> inheritance tax. The other three-
> fourths would automatically be ex-
> cluded from taxation by the last
> clause of the last sentence of such
> paragraph inasmuch as same has been
> transferred to a religious, education-
> al, or charitable organization for use
> exclusively within the state."

An exemption could be obtained for one-fourth of the devise and bequest by irrevocably committing it to use within this state at any time prior to the payment of the tax. The statute is plain and unambiguous in this respect.

We quote further from the aforementioned letter with regard to exemption under the third paragraph of Article 14.06.

> " . . . Moreover, the third paragraph
> of Article 14.06 would provide an
> exemption from inheritance tax of the
> one-fourth since same is bequeathed
> to a religious, educational or chari-
> table organization which conducts its
> operation on a regional basis consist-
> ing of not more than five contiguous
> states, one of same being the State
> of Texas. The F. W. and Bessie Arabella
> Dye Foundation, being a Texas non-profit
> corporation, has heretofore conducted
> its operation only in the States of
> Texas and Arkansas. We assume that
> if an exemption were claimed under the
> third paragraph of Article 14.06, the
> trustees of the Foundation would still
> be authorized to use the one-fourth
> bequest in three additional contiguous

> states (for example- Oklahoma, Missouri
> and Louisiana) without violating the
> terms of this exemption."

Exemption could be obtained under the third paragraph of Article 14.06 if the appropriate commitment is executed by the Foundation. This office has passed upon a similar question in Opinion No. WW-1141, a copy of which is attached hereto and made a part of this opinion for all purposes.

We again quote from the letter attached to the request for an opinion of this office with regard to exemption from inheritance taxes of the devise and bequest in question.

> "Our problem arises under the fourth
> paragraph of Article 14.06 wherein an
> exemption is provided for religious,
> educational or charitable organizations
> operating in states which provide
> reciprocal exemptions for Texas chari-
> ties.  Is it possible that an exemption
> may be had under Article 14.06 for
> the one-fourth bequest if the trustees
> of the Foundation should file an
> 'irrevocable commitment' in  writing
> and prior to the payment of the tax,
> stating that the bequest, if not used
> in three additional contiguous states
> not including Texas and Arkansas, will
> be used only in states which provide
> reciprocal exemptions for organiza-
> tions operating within the State of
> Texas?"

That provision of the fourth paragraph of Article 14.06 expressly provides exemption  for "an organization /_charitable_7 organized or operating within any other jurisdiction which grants a reciprocal exemption." (Emphasis supplied.)  In view of the plain language of this provision as to operation alone effectuating exemption in jurisdictions which grant reciprocal exemptions, and for the same reasons exemption was allowed in Opinion No. WW-1141

(see particularly paragraph 2 at page 7 of Opinion No. WW-1141), we have concluded that a properly drawn commitment in line with the terms of this last quoted provision would be sufficient to effectuate exemption.

## S U M M A R Y

Under submitted facts, a devise and bequest to a charitable non-profit corporation may be exempt from inheritance taxes pursuant to the provisions of Article 14.06, Title 122A, Tax.-Gen., V.C.S.

Yours very truly,

WAGGONER CARR
Attorney General of Texas

By: Marietta McGregor Payne
Marietta McGregor Payne
Assistant Attorney General

MMP/sh
APPROVED:

OPINION COMMITTEE:
W. V. Geppert, Chairman
W. E. Allen
Arthur Sandlin
Cecil Rotsch
Pat Bailey

APPROVED FOR THE ATTORNEY GENERAL
By:  Stanton Stone